UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAYMOND D. (BOYD) COOPER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:23-cv-01346-MTS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the filing of petitioner Raymond D. (Boyd) Cooper, a federal pretrial detainee, titled "Habeas Corpus; 28 U.S.C. § 2241; § 2242; and § 2255." Although the filing is captioned for filing in Mr. Cooper's criminal case, it has been properly filed as a petition for habeas corpus relief, which is considered a new civil action. For the reasons explained below, the petition will be dismissed.

**Background**

Petitioner is a federal pretrial detainee currently housed at the Lincoln County Jail. He has been charged in this Court with solicitation of child pornography and transfer of obscene material to a minor. *See United States v. Cooper*, 4:21-cr-00190-SEP (E.D. Mo. filed Mar. 17, 2021). His arraignment was held on April 15, 2021. He filed a motion to suppress in his criminal case challenging the use of allegedly unlawfully obtained evidence. *Id.* at Doc. [84]. After conducting a hearing, the Court denied the motion to suppress the evidence. *Id.* at Doc. [109].

As recently as October 16, 2023, petitioner filed a pro se motion to challenge again the source of the evidence. The Court denied the motion on October 30, 2023. A trial has been set in this matter for January 8, 2024.

**The Petition**

In his petition, petitioner challenges his ongoing federal criminal case. He claims the evidence seized in the investigation was unlawfully searched and seized in violation of his Fourth, Fifth, and Fourteenth Amendment rights and Missouri state law. He asks this Court to dismiss the indictment, and all of the charges against him, with prejudice.

**Discussion**

It is well established that a criminal defendant cannot file a petition for writ of habeas corpus to raise defenses to a pending federal criminal prosecution. *Jones v. Perkins*, 245 U.S. 390, 391 (1918) (citations omitted) (". . . in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); *see also Falcon v. U.S. Bureau of Prisons,* 52 F.3d 137, 139 (7th Cir. 1995) (the remedy provided by 28 U.S.C. § 2241 cannot be used to undermine, or interfere with, the proceedings in an ongoing federal criminal case). When habeas claims raised by a federal pretrial detainee would be dispositive of the pending federal criminal charges, principles of judicial economy require that the petitioner first present those claims to the trial court, and then raise them on direct appeal if permissible. *Moore v. U.S.*, 875 F. Supp. 620, 624 (D. Neb. 1994).

Here, petitioner seeks a writ of habeas corpus that would dispose of his federal criminal case, and cause him to be released from pretrial detention. Petitioner raised these claims in his ongoing criminal proceedings and the Court denied them. Therefore, relief under § 2241 is unavailable to petitioner at this time. To determine otherwise would interfere with the trial judge's control over petitioner's case, encourage "judge shopping," and cause needless duplication of judicial resources. The Court will therefore deny the petition. The Court will not issue a certificate

of appealability, as petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483–85 (2000).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's filing titled "Habeas Corpus; 28 U.S.C. §2241, § 2242; and § 2255," which the Court construes as a petition for habeas corpus relief under 28 U.S.C. § 2241 is **DISMISSED**. Doc. [1].

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 31st day of October, 2023.

                                            MATTHEW T. SCHELP
                                            UNITED STATES DISTRICT JUDGE